Jacob Markowitz, J.
Petitioner, Lillian Lipschitz, seeks an order permitting her to vote this election day, to wit, November 3, 1959. Petitioner is 74 years of age and has voted ever since women have been permitted to vote in this State. Petitioner has continuously resided at 228 East 36th Street, Manhattan, for the past 15 years and had last voted from such address at the general election held in November, 1958. On October 11, 1958 she received from the Board of Elections in the City of New York a registration card bearing serial number 436658, in the 61st Election District of the 6th Assembly District, New York County.
Late this morning, petitioner went to the same polling place where she had voted in the general election in November, 1958 and, after exhibiting the registration card, sought to vote in this election. The Board of Inspectors, after looking for her name on some list, told her that she could not vote, as her name was not on such list. She was also told by a policeman that a card mailed to her at the address set forth in the registration card was returned undelivered. The Board of Inspectors insisted that an order of this court be obtained before petitioner would be permitted to vote at this election.
It is perfectly clear from the evidence adduced that petitioner is entitled to vote at this election, as no valid objections appear to deprive her of the right to exercise her franchise.
One other problem remains, namely, whether petitioner should be required to pay any fee to the County Clerk in connection with this matter. Subdivision III of section 1557-a of the Civil Practice Act provides for the payment of a $5 fee for the pur *1094 pose of obtaining an index number in actions or proceedings in this court. Subdivision III of section 1557-a provides for a fee of $1 for a certified copy of an order. Acting under this section, the County Clerk has declined to provide petitioner with an index number.
Section 1 of article II of the Constitution of the State of New York explicitly sets forth the qualifications for voters. From a reading of this section, it is crystal clear that the Constitution neither contemplates nor permits that the right to vote, the most basic of democratic liberties, may be obstructed by the interposition of a financial hurdle or qualification of any character. It is inconceivable that the State Legislature, when it enacted section 1557-a, intended that the section be applied to a petition asserting the right to vote. It is this court’s strong conviction that where one applies to this court to be allowed to exercise his constitutional right to vote, there should not be any fee charged in order to initiate such proceeding or to obtain a certified copy of an order. If the section were to be interpreted as having any such application, it is the view of this court that the section, as so applied, would be unconstitutional.
The court, accordingly, directs the County Clerk to accept any and all papers in connection with this matter, and any like matters, without any fee being paid for the obtaining of an index number, the filing of papers, or the obtaining of a certified copy of an order index therewith.
Order signed.